IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS RAYMOND ALEXIO,<br><br>            Plaintiff,<br><br>     vs.<br><br>BARACK OBAMA, TRUSTEE, COMMANDER IN CHIEF, UNITED STATES OF AMERICA; JACOB LEW, TRUSTEE, SECRETARY OF THE TREASURY, UNITED STATES OF AMERICA,<br><br>            Defendants. | Civ. No. 15-00209 HG-KSC |

**ORDER DISMISSING PLAINTIFF DENNIS RAYMOND ALEXIO'S BILL IN EQUITY PETITION FOR DECLARATORY RELIEF, ENFORCEMENT OF TRUST, PROTECTION AND FULL ACCOUNTING (ECF NO. 1) WITH PREJUDICE**

Plaintiff Dennis Raymond Alexio has filed a document entitled "Bill in Equity Petition for Declaratory Relief, Enforcement of Trusts, Protection and Full Accounting." Plaintiff purports to file suit against United States President Barack Obama and United States Secretary of the Treasury Jacob Lew.  Plaintiff is proceeding pro se and has paid the filing fee.

Plaintiff's filing is difficult to decipher and contains irrational and unintelligible pleadings.  The Court construes Plaintiff's pleading liberally and concludes that it does not contain any claim upon which relief could be granted.

Plaintiff's "Bill in Equity Petition for Declaratory Relief,

1

Enforcement of Trusts, Protection and Full Accounting" (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

## **PROCEDURAL HISTORY**

On June 4, 2015, Plaintiff filed BILL IN EQUITY PETITION FOR DECLARATORY RELIEF, ENFORCEMENT OF TRUSTS, PROTECTION AND FULL ACCOUNTING.  (ECF No. 1).

On the same date, Plaintiff filed a PETITION TO SEAL.  (ECF No. 3).

On June 12, 2015, the Magistrate Judge issued an ORDER DENYING PLAINTIFF'S PETITION TO SEAL.  (ECF No. 9).

On June 29, 2015, Plaintiff filed an AMENDED PETITION TO SEAL BILL IN EQUITY.  (ECF No. 10).

On July 7, 2015, the Magistrate Judge issued an ORDER DENYING PLAINTIFF'S AMENDED PETITION TO SEAL.  (ECF No. 11).

## **STANDARD OF REVIEW**

**Federal Rule of Civil Procedure 8**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations.  Fed. R. Civ. P. 8(a)(2), (d)(1).

A district court may dismiss a complaint for failure to

comply with Fed. R. Civ. P. 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed.  McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996).

A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed sua sponte for failure to satisfy Fed. R. Civ. P. 8.  Hearns v. San Bernadino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); see Kaihana v. District Court of First Circuit, Waianae, Civ. No. 12-00041 HG-BMK, 2012 WL 928705, at *1 (D. Haw. Mar. 16, 2012).

**Federal Rule of Civil Procedure 12(b)(6)**

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.  Wong v. Bell, 642 F.3d 359, 361-62 (9th Cir. 1981).  "Such a dismissal may be made without notice where the claimant cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).

A district court may dismiss a claim sua sponte for a

defendant who has not filed a motion to dismiss.  <u>Mier v. Lordsman, Inc.</u>, Civ. No. 10-00584 JMS-KSC, 2011 WL 285862, *2 (D. Haw. Jan. 27, 2011) (citing <u>Baker v. Director, U.S. Parole Comm'n</u>, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a district court may dismiss cases sua sponte pursuant to Fed. R. Civ. P. 12(b)(6) without notice where plaintiff could not prevail on the complaint as alleged).

## **ANALYSIS**

Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally.  <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam))).

Even liberally construed, Plaintiff's "Bill in Equity" filing is confused, incoherent, and unintelligible.  Plaintiff's pleading fails to comply with Federal Rule of Civil Procedure 8.  The pleading does not state "simple, concise, and direct" allegations against either of the Defendants.

Plaintiff's filing also fails to state any kind of claim against either Defendant that is remotely plausible on its face.  Fed. R. Civ. P. 12(b)(6); <u>Iqbal</u>, 556 U.S. at 678.

Plaintiff's filing makes references to the "Trading With the

4

Enemy Act," 50 U.S.C. Appx. § 1, et seq.  (Pla.'s "Bill in Equity" at pp. 3-9, ECF No. 1).

The Trading with the Enemies Act referenced by the Plaintiff was enacted to allow allies and non-enemies to recover property vested with the United States government during World War I and World War II.  See Schilling v. Rogers, 363 U.S. 666, 667 (1960). Plaintiff does not allege facts showing that he has any right to relief pursuant to the Trading with the Enemies Act.  Bechard v. Rios, 2014 WL 7366226, *1 (D. Wis. Dec. 24, 2014) (dismissing a complaint with prejudice where the pro se plaintiff failed to state a plausible claim pursuant to the Trading with the Enemies Act).

Plaintiff also cites to the "Emergency Banking Relief Act." (Pla.'s "Bill in Equity" at pp. 3-9, ECF No. 1).  The National Emergency Banking Relief Act, codified at 12 U.S.C. § 95, was passed by Congress in 1933 and deals with the solvency of banks and the operation of the Federal Reserve System during emergencies.  Plaintiff has not presented any allegations that could provide him with relief pursuant to the Emergency Banking Relief Act.  Cearley v. United States, 119 Fed. Cl. 340, 344 (Fed. Cl. 2014) (dismissing a pro se complaint for failing to state a claim pursuant to the Emergency Banking Relief Act); Hardgrove v. Georgia, 2011 WL 4526755, *2 (M.D. Ga. Sept. 28, 2011) (dismissing a pro se complaint as frivolous that was based

on the Emergency Banking Relief Act).

Plaintiff continually refers to himself as a "Pre-1933 Private American National Citizen of the United States" who had a "Certificate of Live Birth" issued on March 23, 1959.  (Pla.'s "Bill in Equity" at pp. 1-2, ECF No. 1).  Plaintiff states that he is "a member of the sovereign, American political community known as 'We the People' having ordained and established the 'Constitution for the United States of America' to secure the blessing of liberty for themselves and their Posterity of which Complainant is a beneficially-interested member."  (Id. at p. 6).

Similar allegations were made by Plaintiff Alexio in pleadings filed in a criminal case against him that is also pending in the District Court.  In his criminal case, the District Court issued an Order denying Alexio's request for an order to show cause against the United States government.  United States v. Alexio, ECF No. 158, Cr. No. 13-01017 JMS-BMK, 2015 WL 4069160, *2-*4 (D. Haw. July 2, 2015).  The District Court found that "Defendant's repeated references to being a 'Pre-1933 Private American National Citizen of the United States'" was evidence that Alexio was adhering to "sovereign citizen" theories that have been uniformly rejected by courts across the United States for being frivolous, irrational, and unintelligible.  Id.

The Court finds that Plaintiff Alexio's filing does not provide Defendants with fair notice of the wrongs they have

allegedly committed and it is dismissed pursuant to Federal Rule of Civil Procedure 8.  McHenry, 84 F.3d at 1180.

The Court additionally dismisses Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a plausible claim upon which relief could be granted.  Omar, 813 F.2d at 991.

Amendment is not permitted as it is apparent from Plaintiff's filing that granting leave to amend would be futile. Carrico v. City & Cnty. of S.F., 656 F.3d 1002, 1008 (9th Cir. 2011); W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991).

## CONCLUSION

PLAINTIFF DENNIS RAYMOND ALEXIO'S BILL IN EQUITY PETITION FOR DECLARATORY RELIEF, ENFORCEMENT OF TRUST, PROTECTION AND FULL ACCOUNTING (ECF NO. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is ordered to close the case.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, September 15, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge